UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| JULIUS WARNER MARACALIN<br>FED. REG. #02617-095 | CIVIL ACTION NO. 10-110 |
| VS. | SECTION P |
| | JUDGE MINALDI |
| JOE P. YOUNG, WARDEN | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Julius Warner Maracalin filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on January 19, 2010. Doc. 1. Petitioner is an inmate in the custody of the Federal Bureau of Prisons; at the time of filing he was incarcerated at the Federal Detention Center, Oakdale, Louisiana. *Id.* He is currently incarcerated at the United States Penitentiary, Pollock, Louisiana. *Id.*

Petitioner invokes the "savings clause" of 28 U.S.C. § 2255 to attack his August 28, 1995 conviction in the United States District Court for the Middle District of Louisiana for conspiracy to possess with intent to distribute cocaine base, distribution of cocaine base, and the 235 month sentence imposed thereafter. *Id.* This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

*Statement of the Case*

On May 12, 1995, petitioner pleaded guilty to a multi-count indictment charging him with conspiracy to possess with intent to distribute cocaine base and distribution of cocaine base. Doc.

1. On August 28, 1995, petitioner was sentenced to serve 235 months in the custody of the Bureau of Prisons. *Id.* He appealed his conviction and sentence to the Fifth Circuit Court of Appeals arguing ineffective assistance of counsel, improper imposition of a fine, that the district court improperly participated in plea negotiations, that his plea was not knowing and voluntary, and that the district court erred by refusing to allow him to withdraw his guilty plea. On October 20, 1999, the United States Fifth Circuit of Appeals affirmed his conviction and sentence. *See United States of America v. Maracalin*, 199 F.3d 439 (5th Cir. 1999).

On December 13, 2004, petitioner filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255.[1] On December 20, 2004 his Motion was dismissed. On January 3, 2005, petitioner appealed the judgment to the Fifth Circuit Court of Appeals. Petitioner's appeal was denied. On February 21, 2006, petitioner filed another Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, which was dismissed on February 24, 2006. A Motion for Reconsideration was filed on June 6, 2006, and denied on July 6, 2006.[2] On September 8, 2006, petitioner filed another Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, which was denied on September 13, 2006. Petitioner filed a Motion to Alter Judgment on September 21, 2006, which was denied on September 27, 2006. In 2007, petitioner filed, among other documents, a Motion for Reconsideration, a Motion to Vacate, a Motion for Certificate of Appealability. These motions were denied.

On February 27, 2008, a Notice of Motion for Retroactive Application of Sentencing

---

[1] The following occurred in *USA v. Maracalin, et al.*, No. 95-0004 (M.D. La. 2004).
[2] *See also Maracalin v. Morrison*, 185 Fed.Appx.430 (5th Cir. 2006) wherein the Fifth Circuit affirmed petitioner's conviction and sentence finding that although he sought to proceed under 28 U.S.C. §2241 pursuant to the "savings clause" of 28 U.S.C. § 2255, he had not shown that the remedy available under §2255 was inadequate or ineffective. Petitioner's challenge to his sentence therein was based, in part, on his claim that the indictment should be dismissed as it failed to charge a drug quantity.

Guidelines to Crack Cocaine Offense was issued. On November 18, 2008, the District Court ruled that petitioner's sentence should remain at 235 months as same was within the new guidelines. On November 24, 2008, petitioner appealed the District Court's ruling. The appeal was dismissed by the Fifth Circuit Court of Appeals. *See U.S. v. Maracalin*, 396 Fed.Appx. 119 (5th Cir. 2010).

### *Law and Analysis*

On January 19, 2010, petitioner filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Doc. 1. He challenges the sentence imposed by the United States District Court for the Middle District of Louisiana because, among other things, he claims that the indictment was in violation of the Fifth and Sixth Amendments to the United States Constitution as it failed to charge a drug quantity. *Id.*

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the <u>manner</u> in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. § 2255 also allows federal inmates to collaterally attack the legality of their convictions or sentences. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).

Here, petitioner collaterally attacks his sentence and, therefore, his claim should be advanced in a Motion to Vacate filed pursuant to 28 U.S.C. § 2255. Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but *only* if they satisfy the § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." 28

U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

The fact that a prior § 2255 motion was unsuccessful or that the petitioner is unable to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Petitioner argues that he is entitled to invoke the "savings clause" because 28 U.S.C. § 2255 is inadequate. That allegation is insufficient to invoke the savings clause. Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense; nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in his previous Motion to Vacate. Plaintiff has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

### *Conclusion and Recommendation*

Considering the forgoing, **IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. Proc. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 29th day of April, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE