RECEIVED
IN LAKE CHARLES, LA.

JUN - 1 2011

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| JULIUS WARNER MARACALIN FED. REG. #02617-095 | : | DOCKET NO. 2:10 CV00110-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JOE P. YOUNG, WARDEN | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is the petitioner's petition for *writ of habeas corpus* pursuant to 28 U.S.C. §2241. The Magistrate Judge issued a Report and Recommendation (Rec. Doc. 8). The petitioner filed an objection (Rec. Doc. 9).

This §2241 petition argues that the original indictment issued in the Middle District of Louisiana was defective because it failed to charge a quantity of drugs. Maracalin invokes the "saving clause" of 28 U.S.C. §2255 as the basis for this suit. Under the "savings clause" of 28 U.S.C. § 2255, a 28 U.S.C. § 2241 petition that attacks custody resulting from a federal sentence may be entertained only if the petitioner establishes that the 28 U.S.C. § 2255 remedy is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255; *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir.2000). The savings clause applies to a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir.2001).

In 2000, the Supreme Court held that the amount of illegal drugs should be either alleged in the indictment or established beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). But, because *Apprendi* is not retroactively applicable on collateral review, Maracalin's *Apprendi* claims do not satisfy the requirements of the savings clause and thus cannot be raised in a 28 U.S.C. § 2241 petition. *See Wesson v. U.S. Penitentiary Beaumont, Tx.*, 305 F.3d 343, 347 (5th Cir.2002).

Accordingly, this court will, as recommended by the Magistrate Judge, deny the petition for writ of *habeas corpus* and will dismiss this petition with prejudice.

Lake Charles, Louisiana, this 31 day of May, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE